1

2

3

4

5

6

7

8

9

10

11

12

13

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| 14 DOBERMAN SECURITY PRODUCTS, INC., a California corporation, | ) Case No.: |
| 15 Plaintiff, | ) SACV 10-00225 JVS (RNBx) |
| 16 v. | ) **[PROPOSED] PROTECTIVE ORDER** |
| 17 TECHKO, INC, a California corporation, | ) |
| 18 Defendant. | ) Referred to Magistrate Judge Robert N. Block |
| 19 | ) |
| 20 | ) |
| 21 TECHKO, INC, a California corporation, | ) |
| 22 Counterclaimant, | ) |
| 23 v. | ) |
| 24 DOBERMAN SECURITY PRODUCTS, INC., a California corporation, | ) |
| 25 Counterdefendant. | ) |

26

27

28

## STIPULATION FOR PROTECTIVE ORDER

Plaintiff/Counterdefendant Doberman Security Products, Inc. ("Plaintiff/Counterdefendant") and Defendant/Counterclaimant Techko, Inc. ("Defendant/Counterclaimant") agree that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Such information likely will include, among other things, sensitive product, marketing and sales information, especially information regarding alarm products, design materials, purchase orders, invoices, financial statements, and customer information (collectively, "Sensitive Information").

## GOOD CAUSE STATEMENT

The parties respectfully believe that good cause exists to enter the instant Protective Order in order to protect the Sensitive Information from public disclosure. The Sensitive Information includes information and data that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace. The parties are actual competitors in the field of alarm systems, more specifically, door, window, pool, shed, and other alarms, and compete to provide products to major retailers such as Home Depot. Due to the competitive relationship between the parties, it is highly likely that disclosure of the Sensitive Information, especially product information regarding alarm systems or financial and sales information, will provide an improper or unlawful competitive advantage to the other party. This Protective Order is necessary to prevent such harm to the parties. The parties have attempted to draft this Protective Order narrowly and in a manner no more restrictive than necessary to protect the Sensitive Information from public disclosure.

IT IS HEREBY STIPULATED and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

1.     This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents,

answers to interrogatories, responses to requests for admissions and all other discovery furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.     In designating RECORDS as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", a party shall make such a designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY only for RECORDS which that party in good faith believes contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law. For a designation of RECORDS as "ATTORNEYS' EYES ONLY", the party must additionally believe in good faith that the RECORDS must be protected from disclosure to the parties themselves in this litigation and must be subject to the Attorneys' Eyes Only disclosure provided for below. The parties hereto hereby agree to use CONFIDENTIAL and ATTORNEYS' EYES ONLY material solely for the purpose of conducting this litigation and not for any other purpose and to restrict their use of such material so as to maintain its confidentiality in accordance with the terms hereof.

3.     RECORDS designated as "CONFIDENTIAL" may be disclosed only to the following persons:

a.     the attorneys working on this action on behalf of any party, including in-house attorneys;

b.     any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

c.     any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

[PROPOSED] PROTECTIVE ORDER

d.      any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

e.      any witness who authored or received the CONFIDENTIAL RECORD prior to its production to the receiving party, provided that the witness will not be permitted to retain the RECORD unless the witness is otherwise authorized to do so;

f.      the Court and its authorized staff and any Special Master appointed by the Court and his/her staff, and any person whom the parties have agreed will serve as mediator in this action, provided that the mediator shall destroy all documents, things or information marked CONFIDENTIAL or ATTORNEYS' EYES ONLY within ten (10) days after the conclusion of such person's involvement in the mediation and shall not use such information for any purpose other than in connection with the mediation;

g.      outside document copying services (e.g., DDS, Xerox), and/or document coding or computerization services (e.g., Quoruni/Lanier).  Notwithstanding any other provision of this protective order, access to RECORDS marked CONFIDENTIAL shall be permitted to such vendors, without need for the completion or execution of Exhibit A. The attorney of record providing such RECORDS to outside document copying services or document coding or computerization services shall be responsible for that service's compliance with the provisions of this Order; and

h.      any other person as to whom the parties in writing agree.

4.      RECORDS designated as "ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

a.      the attorneys working on this action on behalf of any party, including in-house attorneys;

b.      any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

c.      any person not employed by a party who is expressly retained

1  or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of

2  this action for trial, with disclosure only to the extent necessary to perform such work;

3          d.     any witness who authored or received the ATTORNEYS'

4  EYES ONLY RECORD prior to its production to the receiving party, provided that the

5  witness will not be permitted to retain the RECORD unless the witness is otherwise

6  authorized to do so;

7          e.     the Court and its authorized staff and any Special Master

8  appointed by the Court and his/her staff, and any person whom the parties have agreed will

9  serve as mediator in this action, provided that the mediator shall destroy all documents, things

10  or information marked CONFIDENTIAL or ATTORNEYS' EYES ONLY within ten (10)

11  days after the conclusion of such person's involvement in the mediation and shall not use

12  such information for any purpose other than in connection with the mediation;

13          f.     outside document copying services (e.g., DDS, Xerox), and/or

14  document coding or computerization services (e.g., Quoruni/Lanier). Notwithstanding any

15  other provision of this protective order, access to RECORDS marked ATTORNEYS' EYES

16  ONLY shall be permitted to such vendors, without need for the completion or execution of

17  Exhibit A. The attorney of record providing such RECORDS to outside document copying

18  services or document coding or computerization services shall be responsible for that

19  service's compliance with the provisions of this Order; and

20          g.     any other person as to whom the parties in writing agree.

21       5.     The persons described in paragraphs 3(d) and 4(c) shall have access to

22  CONFIDENTIAL or ATTORNEYS' EYES ONLY material once they have been made

23  aware of the provisions of this Order and have manifested their assent to be bound thereby by

24  signing a copy of the annexed "ACKNOWLEDGMENT". A list shall be maintained by

25  counsel for the parties hereto of the names of all persons to whom CONFIDENTIAL or

26  ATTORNEYS' EYES ONLY material is disclosed, or to whom the information contained

27  therein is disclosed, and such list shall be available for inspection by the Court and opposing

28  counsel upon request. The other persons described in paragraphs 3 and 4 shall have access to

the CONFIDENTIAL and ATTORNEYS' EYES ONLY material pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGMENT". Similar but separate lists shall also be maintained with respect to CONFIDENTIAL or ATTORNEYS' EYES ONLY material provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving CONFIDENTIAL or ATTORNEYS' EYES ONLY material shall not disclose it to any other person, except in conformance with this Order. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

6.    Each individual who receives any CONFIDENTIAL or ATTORNEYS' EYES ONLY material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

7.    The recipient of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

8.    Parties shall designate CONFIDENTIAL or ATTORNEYS' EYES ONLY material as follows:

a.    In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of its production, it may do so by stamping or otherwise designating the RECORD and

[PROPOSED] PROTECTIVE ORDER

1    giving written notice to all Parties or their counsel of the new designation as being either

2    CONFIDENTIAL or ATTORNEYS' EYES ONLY within five (5) business days after

3    discovery of such error. All persons who are in possession of such after-production

4    designated or re-designated materials and who are not within a category of persons who may

5    possess such materials pursuant to Paragraphs 3 and 4 hereof shall promptly return all known

6    copies of any such documents to the producing party or to a person who is within a category

7    of persons who may possess such materials. Such after-production designated or re-

8    designated materials shall be treated pursuant to the provisions of this Order as having been

9    designated prior to production.

10                    b.      In the case of depositions, designation of the portion of the

11   transcript (including exhibits) which contains CONFIDENTIAL or ATTORNEYS' EYES

12   ONLY material shall be made by a statement to such effect on the record in the course of the

13   deposition or, upon review of such transcript by counsel for the party to whose

14   CONFIDENTIAL or ATTORNEYS' EYES ONLY material the deponent has had access,

15   said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

16   Counsel shall list on a separate piece of paper the numbers of the pages of the transcript

17   containing CONFIDENTIAL or ATTORNEYS' EYES ONLY material, inserting the list at

18   the end of the transcript, and mailing copies of the list to counsel for all parties so that it may

19   be affixed to the face of the transcript and each copy thereof. Pending such designation by

20   counsel, the entire deposition transcript, including exhibits, shall be deemed

21   CONFIDENTIAL or ATTORNEYS' EYES ONLY; if no designation is made within

22   fourteen (14) days after receipt of the transcript, the transcript shall be considered not to

23   contain any CONFIDENTIAL or ATTORNEYS' EYES ONLY material.

24                    c.      Transcripts of depositions will not be filed with the Court

25   unless it is necessary to do so for purposes of trial, motions for summary judgment, or other

26   matters such as ordinary discovery motions. If a deposition transcript is filed and if it contains

27   CONFIDENTIAL or ATTORNEYS' EYES ONLY material, the transcript shall bear the

28   appropriate legend on the caption page.

9.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. Pursuant to Local Rule 37-1, the parties shall first confer in good faith in an effort to dispose of such dispute. If the dispute cannot be resolved, the party challenging the designation may move the Court for appropriate relief, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with the required notice. Along with each such motion, the parties shall prepare and file an appropriate joint stipulation pursuant to Local Rue 37-2. The burden of proving that RECORDS have not been properly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be on the party seeking such de-designation.

10.     In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain RECORDS that have been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated RECORDS (if such portion is segregable) under seal. The application shall be directed to the judge to whom the papers are directed. For motions, the parties should publicly file a redacted version of the motion and supporting papers.

11.     Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

12.     Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to an individual who either prepared or reviewed the RECORDS prior to the

1   filing of this action, or (b) from disclosing or using, in any manner or for any purpose,

2   RECORDS from the party's own files which the party itself has designated as

3   CONFIDENTIAL or ATTORNEYS' EYES ONLY.

4          13.   Should any RECORDS designated as CONFIDENTIAL or

5   ATTORNEYS' EYES ONLY be disclosed, through inadvertence or otherwise, by the

6   receiving party to any person or party not authorized under this Stipulation and Protective

7   Order, then the receiving party shall (a) use its best efforts to obtain the return of any such

8   RECORDS and to bind such person to the terms of this Stipulation and Protective Order; (b)

9   within three (3) days of the discovery of such disclosure, inform such person of all provisions

10   of this Stipulation and Protective Order; (c) within five (5) days of the discovery of such

11   disclosure, identify such person to the producing party; and (d) within five (5) days of the

12   discovery of such disclosure, request such person to sign the Acknowledgement in the form

13   attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record

14   for the producing party within five (5) days of its receipt by the receiving party.

15          14.   Nothing in this Stipulation and Protective Order shall require

16   disclosure of information that counsel contends is protected from disclosure by the attorney-

17   client privilege or the attorney work-product immunity.

18          15.   If information subject to a claim of attorney-client privilege or work

19   product immunity is inadvertently or unintentionally produced, such production shall in no

20   way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or

21   work-product immunity for such information. If a party has inadvertently or unintentionally

22   produced information subject to a claim of immunity or privilege, the information for which a

23   claim of inadvertent or unintentional production is made shall be returned to the producing

24   party within three (3) days of the producing party's request. Moreover, any notes or

25   summaries referring or relating to any such inadvertently- or unintentionally-produced

26   information shall be destroyed. In the event that any such information is contained in a

27   produced document, all copies of that document, and any notes or summaries relating thereto

28   that may have been made, shall be destroyed to the extent practicable. Upon discovery by any

[PROPOSED] PROTECTIVE ORDER

party that it has received information that it in good faith believes was inadvertently or unintentionally produced, such party shall immediately notify the producing party of the discovery of such information.  Nothing herein shall prevent the party returning such information from moving the Court for an Order compelling production of such information, but the unintentional or inadvertent production of that information shall not be a basis for such a motion.

16.     Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL and ATTORNEYS' EYES ONLY material, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the party which produced it or shall be destroyed.

17.     Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action unless the designating party opts otherwise in writing to the other party.

18.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production or disclosure of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

19.     This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 18, inclusive hereof, or to seek leave to amend or modify this Order upon good cause shown.

20.     Third parties who produce or disclose documents and/or information substantially similar to the RECORDS as described herein in this action may avail themselves

of the provisions of this Order, and such information shall be treated by the parties in conformance with this Order.  Any such non-party shall have standing to appear in this action in order to file motions and oppose motions, as necessary, to protect such non-party's rights in its information.

21.     Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

22.     Until such time as this Protective Order has been entered by the Court, the parties hereby agree that upon execution by the parties, it will be treated as though it has been "So Ordered."

**IT IS SO ORDERED**

Dated: _____July 30, 2010_____

_____
THE HONORABLE ROBERT N. BLOCK
UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE

9435733

**EXHIBIT A**

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2010, in the action, Doberman Security Products, Inc. v. Techko, Inc., Case No. SACV 10-00225 JVS (RNBx), United States District Court for the Central District of California, that he/she is one of the persons contemplated in paragraphs 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by any of the parties or by third parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____
(Signature)

_____
(Title or Position)

Dated: _____

9435733